# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Brandon Martin # 2005-0099332, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 06 C 3666 | |
| ) | | |
| Kurtovich, ) | Judge Wayne R. Andersen | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Brandon Martin, currently a pretrial detainee housed at the Cook County Jail ("Jail"), brought this *pro se* civil rights action pursuant to 42 U.S.C.§ 1983. He claims that the defendants, various officials of the Jail, violated his constitutional rights by failing to provide him with adequate medical care pursuant to the Fourteenth Amendment.[1] Defendant Kurtovich only, has filed a motion to dismiss; plaintiff has responded and defendant has replied. For the reasons stated in this order, the motion is denied.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain " a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the Plaintiff need only allege "the bare minimum facts necessary to put the defendant on notice of the claim so that he

---

[1] Defendant states that the claim is pursuant to the 8th amendment. However, claims brought by pretrial detainees are brought pursuant to the 8th amendment only through the 14th amendment. "[While] the Eighth Amendment prohibits only cruel and unusual punishments," the Fourteenth Amendment "does not allow jailers to punish pretrial detainees at all, no matter how humane or common the punishment might be." *Salazar v. City of Chicago*, 940 F.2d 233, 239-240 (7th Cir.1991).

can file an answer." *Higgs v. Carver*, 286 F. 3d 437, 439 (7th Cir. 2002); *Lekas v. Briley*, 405 F. 3d 602, 606 (7th Cir. 2005). In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). "A complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter*, 224 F. 3d 607, 612 (7th Cir. 2000)(internal quotations omitted). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1984).

## Background

Plaintiff Brandon Martin("Martin") claims that while he was incarcerated at the Jail he failed to receive adequate medical care. More specifically, his claim against this one defendant, Director Scott Kurtovich ("Kurtovich"), the only defendant bringing this motion to dismiss, is that Martin sent letters to Kurtovich, putting him on notice of his medical care claims and that these letters were sufficient to show that Kurtovich was personally involved in the denial of his medical care. The underlying claims stated in Martin's complaint are that his medical care was neglected because "delivery of medication [was] neglected [by] the procedures and policies and [defendants] refuse to administer medication properly to me regarding that I also have frequent seizures and current [sic] was refused a lower bunk permit." (Comp. P. 6).

## DISCUSSION

Reading Plaintiff's complaint and accompanying pleadings in the light most favorable to him, we take the following facts as true, for the purpose of this motion to dismiss. The question for this court's review of the motion to dismiss is whether plaintiff stated sufficient allegations under the notice pleading standards of this court, so that he stated a claim for relief. This is the same standard of review that this court already was required to make and has already made in order to comply with 28 U.S.C. Section 1915A. The question is not, as defendant has framed it, whether or not plaintiff has sufficiently stated that this defendant was personally involved with the denial of plaintiff's medical care, or whether a letter is sufficient to put defendant on notice of plaintiff's claim. Those relate to matters of proof which plaintiff may or may not be able to show when he is required to prove up his claim. In addition, there are two points plaintiff states in his allegations which do form the basis of his claim, which must meet the notice pleading requirement: that procedures and policies of the jail were neglected, and that the refusal of

3

delivery of medical care caused frequent seizures and that he was refused a lower bunk. He fails to say which defendant he alleges was involved in any of these claims, at least in this part of his complaint. He states, in relation to this defendant, only that he sent Kurtovich several letters regarding his medical care, which he believes did put this defendant on notice. The court therefore reviews whether or not plaintiff has met the notice pleading standards as outlined in the section above entitled "standard of review", not whether any legal standard other than notice pleading, for proving up his claim, has been met.

The gist of defendant's motion is that letters sent to Kurtovich do not, in themselves, qualify to make him personally involved with plaintiff's claim and therefore, their motion should be granted. However, the court finds that a requirement of personal involvement is not a requirement of notice pleading. Rather, notice pleading requires that defendant understand the claim against him. (See Standard of Review section, above.) Plaintiff need not state more in his complaint; he need not state any affirmative defenses or elaborate more than notice pleading requires on any claim. During the evidentiary stage of this case, when plaintiff does have to prove his claims, then he may be required to show more than he does in his complaint. But at this stage, the only requirement is that he put this defendant on notice of the claims against him. The court finds that plaintiff has done this sufficiently. Whether letters show that Kurtovich was personally involved, or whether plaintiff has alleged proof sufficient to show that Martin was personally involved, is not a requirement of notice pleading. Since defendant makes no other claims related to notice pleading, therefore, the motion is denied. Plaintiff has met the notice pleading requirement and his claim shall therefore go forward. As the court previously stated:

"This means that the Plaintiff need only allege 'the bare minimum facts necessary to put the

defendant on notice of the claim so that he can file an answer.' " *Higgs v. Carver*, 286 F. 3d 437, 439 (7th Cir. 2002); *Lekas v. Briley*, 405 F. 3d 602, 606 (7th Cir. 2005). In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). 'A complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations.' *DeWalt v. Carter*, 224 F. 3d 607, 612 (7th Cir. 2000)(internal quotations omitted). It is possible that Martin can prove other facts that could be proved that are consistent with these allegations. For example, the Court of Appeals for the Seventh Circuit has held that a prison official may be held liable for a constitutional violation if he knew about it and had the ability to intervene but failed to do so. *Filmore v. Page*, 358 F. Ed 496, 505-06 (7th Cir. 2004). Again, this is proof that plaintiff may or may not be able to show later in the case when further proof is required, but it is not necessary to satisfy the notice pleading requirement in his complaint.

Additionally, plaintiff Martin has further stated in his complaint that procedures and policies were neglected. It is possible that later in the proof stages of this case, Martin may be able to show that this defendant was involved in setting jail policies and was involved with that claim. *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). For example, plaintiff may be able to show that the jail had a policy of poor training or inadequate supervision. *Monell v. Dep't of Social Servs. Of New York*, , 436 U.S. at 694, 98 S.Ct. 2018. The court does not have to decide based on the complaint alone, whether he can present such proof on this or any other claim later in the case when proof is required. For these

reasons, defendant Kurtovich's motion to dismiss is denied.

## CONCLUSION

It is therefore ordered that the motion to dismiss is denied [ 22 ]. Defendant Kurtovich remains in this case along with all other defendants. Any pending motions are denied as moot. This case is set for status on June 14, 2007. at 9 am.

ENTER:

Wayne R. Andersen
UNITED STATES DISTRICT COURT

DATED: May 29, 2007